IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SHANNON NELSON, KELLY DACHTLER, RYAN KASHMERICK, TIMOTHY HORVATH, DAVID TEESDALE, TROY BAXTER, LISA BENSON, JOHN BLANCK, BERT BROTHERTON, JOSHUA CLARK, KIRK JOHNSTON, JOHN KIME, SETH KISHEFSKY, JOSEPH MICHALEC, MICHAEL ROBERTSON, KURTIS TULPPO, and JONATHAN YOUNG, <br><br> Defendants. | Case No. 1:11-cv-02769 <br><br> Magistrate Judge Geraldine Soat Brown |

## AGREED CONSENT ORDER

Plaintiff Bankers Life and Casualty Company ("Bankers Life") and Defendants Shannon Nelson, Kelly Dachtler, Ryan Kashmerick, Timothy Horvath, David Teesdale, Troy Baxter, Lisa Benson, John Blanck, Bert Brotherton, Joshua Clark, Kirk Johnston, John Kime, Seth Kishefsky, Joseph Michalec, Michael Robertson, Kurtis Tulppo and Jonathan Young (collectively, "Defendants") represent to the Court that they have entered into a Settlement Agreement to resolve this lawsuit. As part of that Settlement Agreement, the parties agree to the following terms, and the Court enters the following Agreed Consent Order (the "Order").

With the Court noting that Defendants do not acknowledge having engaged in any actionable conduct, and that the entry of this Order is pursuant to the agreement of Bankers Life and Defendants,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. **NON-COMPETITION**. Through a period of two years after the dates of resignation for each individual Defendant as set forth in Exhibit A to this Order, and for the following counties in northern Michigan: Alcona, Alpena, Antrim, Benzie, Charlevoix, Cheboygan, Chippewa, Clare, Crawford, Emmet, Gladwin, Grand Traverse, Iosco, Kalkaska, Lake, Leelanau, Mackinac, Manistee, Missaukee, Montmorency, Ogemaw, Osceola, Oscoda, Ostego, Presque Isle, Roscommon and Wexford, Defendants shall not:

    a. Sell any competitive product (defined as a product Bankers Life was offering as of the dates of resignation for each individual Defendant as set forth in Exhibit A to this Order) to anyone who had a Bankers Life policy as of the dates of resignation for individual Defendants, or who has a Bankers Life policy at the time that the Defendant's sales call to that individual was made, or to induce any such policyholder to terminate any such policy; and

    b. Solicit, induce to depart, or hire any current Bankers Life agents (including any individual who was a Bankers Life agent within the thirty (30) day period prior to such contact).

    Paragraph 1(a) shall not apply to Defendants' family members or relatives. Family members or relatives shall mean: spouse, domestic partner, parent, child, grandparent, grandchild, sister, brother, aunt, uncle, cousin, parents of spouse, and any member of a Defendant's household.

2. **ENFORCEMENT**. Defendants' failure to comply with the terms of this Order may constitute and be punishable as contempt of this Court. In addition, in the event of a

breach of this Order by any Defendant, for each such breach Bankers Life shall have the choice of the award of $10,000 in liquidated damages per violation, or the actual damages caused by the breach. Further, in the event that Bankers Life brings an action to enforce this Order and prevails, it shall also be entitled to its reasonable attorneys' fees and costs, while if the Defendant(s) prevail, such Defendant(s) may recover their reasonable attorneys' fees and costs only if this Court determines that Bankers Life brought the action in bad faith. Defendants shall take all reasonable and necessary steps to avoid breaching Paragraph 1 of this Order, e.g., asking those individuals to whom they make sales calls whether they are current Bankers Life policyholders and/or if they had a Bankers Life policy as of March 1, 2011. However, where a policyholder who did not have a Bankers Life policy at the time of the sale, but did so as of March 1, 2011, mistakenly tells the selling Defendant that such was not the case (an "inadvertent breach"), the Defendant's liability shall be limited to the forfeiture of commissions, and shall not include payment of attorney's fees, liquidated damages, or a finding of contempt. The Court shall make the final determination as to whether any breach was inadvertent. Any liability for breach of this Order shall be limited to the culpable individual Defendant, and not Defendants jointly and severally as a group.

3. **FINALITY OF JUDGMENT.** The parties have consented to this Order pursuant to a Settlement Agreement and, accordingly, they acknowledge that this Order shall constitute a final adjudication of Bankers Life's above-captioned action against Defendants. With the exception of claims arising from a violation and/or breach of

this Order and/or the parties' Settlement Agreement, all claims in the above-captioned action are hereby dismissed with prejudice.

4. **CONSENT TO JUDGMENT**. By consenting to this Order, the parties represent and warrant that they understand the terms of this Order and their respective obligations hereunder and that they do not believe this Order is vague, ambiguous, overbroad, unreasonable, or otherwise unenforceable.

5. **COSTS**. All parties shall bear their own costs and attorneys' fees incurred in this action.

6. **JURISDICTION**. The Court shall retain jurisdiction over this case for purposes of enforcing this Order.

SO ORDERED, this 11th day of June, 2012.

_____
Honorable Magistrate Judge Geraldine Soat Brown
United States District Court

Consented to,

By: /s/David K. Haase
David K. Haase

David K. Haase (6201278)
Todd M. Church (6281176)
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1000
Chicago, IL 60654
Tel: 312.372.5520

*Attorneys for Plaintiff*

Dated: June 5, 2012

Consented to,

By: /s/David Ballard
David Ballard

David Ballard
Jonathan P. Froemel
BARNES & THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: 312.357.1313

*Attorneys for Defendants*

Dated: June 5, 2012

Firmwide:112171604.1 054835.1227

4